West'n. District.
*Sept'r.* 1829.

BROUSSARD
*vs.*
MALLET & AL.

---

## ROUSSEAU & AL. vs. DAYSSON.

APPEAL from the court of the fifth district, the judge of the district presiding.

MARTIN, J. delivered the opinion of the court. The plaintiffs sought the rescission of the sale of a steam-boat, sold to them by the defendant, or damages on account of the fraud of the defendant, in falsely asserting, he had bought the boat for them, and had paid therefor $2,500, when in fact he had paid but $2,000. The general issue was pleaded. The plaintiffs had a verdict and judgment for damages, to the amount of $500. The defendant appealed.

His counsel has first drawn our attention to a bill of exceptions, to the opinion of the district court, refusing him leave to bring in as a co-defendant, Sayer, who was part owner

In an action against a defendant for fraud, which is personal to himself, it is unnecessary to join others in the action, who were owners of the thing sold, and about which the fraud is alleged to have been committed.

In the sale of a steam boat, where the defendant represented to the purchasers, that he had bought it for them at $2,500, and would sell to them at the same price, when in fact he gave but $2,000, the excess in price of $500 is fraudulent, for which damages will be allowed.

But in regard to the purchaser of one-third of

West'n. District.
*Sept'r.* 1829.

Rousseau & al.
*vs.*
Daysson.

the boat, who was not imposed on by the misrepresentation of the price paid for it, the sale is good.

Where the jury seal up a verdict in their room, and on coming into court *vary its terms,* the latter verdict shall stand as the true one.

In a case of fraud, where the evidence is not positive, but when the jury unanimously concur in a verdict, on hearing the testimony fall from the lips of the witness, this court must be clearly satisfied the jury erred, before the verdict be disturbed.

of the boat, and for whom defendant, as to Sayer's part, acted as attorney.

If the plaintiffs have restrained their pretensions to damages, in an allegation of fraud, personal to the defendant, we think there is no necessity for bringing in Sayer, as a defendant.

On the merits, we think the verdict of the jury must stand, as to the plaintiffs, Rousseau, Tertron and Lebesque. It is clear, they purchased on the assurance the defendant gave, that he had bought for them, and they should have two shares of the boat for the price he had paid, viz. $2,500, or rather, at that rate for the whole, when, in fact, the defendant had paid at the rate of $2,000 only.

But the plaintiff, David, bought subsequently the remaining third of the boat. The time and place of the sales were different, and nothing shows that the latter was in any manner deceived, or any attempt made to impose on him.

The defendant's counsel made an attempt to set the verdict aside, on the ground of its being contrary to law and evidence, and for a variance between the verdict, signed by all

the jurymen, in the jury room, and that signed in court by the foreman.

On the first ground, we think, in regard to the plaintiffs, Rousseau, and Tertron, and Lebesque, the verdict is conformable to law and evidence: as to the plaintiff David, we think it is unsupported by law or evidence.

The jury sealed their verdict in the jury room, and afterwards, coming into court, delivered the verdict in which it is alleged there is a variance. We think the latter verdict is conclusive, and the only one on which a judgment could be given.

This is a case of fraud; and although the evidence be not positive, we are unable to say the jury erred, except as to the last plaintiff. In such a case, our rule is not to disturb the verdict. It is true, the constitution has made this tribunal, the judge of all questions, both of *law* and *fact*, and from the responsibility, which thus we are placed under, we feel no inclination to shrink.

But evidence comes to us in an indirect, and consequently imperfect manner. When, therefore, a jury unanimously concur in a conclusion, on testimony which, in their presence, falls from the lips of the witness, with

West'n. District.
Sept'r. 1829.

Rousseau & al.
vs.
Daysson.

whom and the parties, the jury must be presumed to be better acquainted than we are, we must be perfectly satisfied, that the jury erred, before we can bring ourselves to disregard the verdict.

Believing, therefore, that the defendant induced the plaintiffs, Rousseau, Tertron and Lebesque, to believe he had purchased a boat for them, that he disclaimed the idea of speculating on them, and was willing to let them have the part of the boat they purchased for what it cost, it is clear, that he wrongfully asserted, he had paid at the rate of $2,500, while he had paid at the rate of $2,000 only, and in doing so, became liable to pay them damages in the same proportion.

We have doubted, whether the damages ought not to have been confined to the one half of the boat, as to that part only, the assertion extended. The jury have thought, that as the price, stated to have been given for the part of Sayer, was probably estimated by what he had received for the other part, the purchasers were induced, by the representations of the defendant, in the whole contract, and we do not see that they erred.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the plaintiffs, Rousseau, Tertron and Lebesque, do recover from the defendant, the sum of three hundred and thirty-three dollars and thirty-four cents, with interest at five per cent. per annum, until paid, with costs of suit in both courts: and that the defendant have judgment against the plaintiff David, as in case of non-suit, with costs in both courts.

*Brownson* and *Simon* for plaintiffs, *Mazareau* and *Plaisted* for defendants.